**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BOTTOM LINE SYSTEMS LLC,

    Plaintiff,

v.                                                        Case No. 8:25-cv-2696-TPB-NHA

ALEX MILLER,

    Defendant.
_____/

**ORDER DENYING IN PART AND DEFERRING IN PART**
**PLAINTIFF'S "EMERGENCY MOTION FOR TEMPORARY**
**RESTRAINING ORDER AND PRELIMINARY INJUNCTION"**

This matter is before the Court on Plaintiff Bottom Line Systems, LLC's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction," filed on October 2, 2025. (Doc. 2). After reviewing the motion, court file, and the record, the Court finds as follows:

According to the allegations of the verified complaint, Plaintiff Bottom Line Systems, LLC d/b/a Revecore is a limited liability corporation that provides revenue integrity solutions, helping hospitals recover revenue that otherwise might be lost. In 2022, Defendant expanded its zero balance recovery services (also known colloquially as "underpayments") through merging with Cura Revenue Cycle Management, LLC. Defendant Alex Miller led Cura's underpayments solutions, and after the merger, Defendant continued with Plaintiff leading both Plaintiff's legacy underpayments team and the complimentary Cura-based underpayments team.

On September 8, 2025, Defendant tendered his resignation. After a contractual thirty-day notice period, his employment will end on October 8, 2025. Plaintiff claims that after fulfilling his contractual notice period, Defendant will be employed by RSource, LLC d/b/a Knowtion Health, a direct competitor.[1] Plaintiff alleges that as a condition of his employment with Cura, Defendant agreed that for two years following his employment, he would not be employed by any business whose services and products compete with Cura – Plaintiff contends that it may enforce this non-competition covenant as a successor through merger. Plaintiff now brings claims for breach of contract, seeking both damages and equitable relief, including a temporary restraining order and preliminary injunction.

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01. A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, *but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical. See Martinez Serna v. Bailey Farms South, LLC*, No. 2:21-cv-237-SPC-MRM, 2021 WL 1060176, at *1-2 (M.D. Fla. Mar. 19, 2021) (emphasis added).

Plaintiff has failed to plead or demonstrate that notice and a hearing on the motion are impossible or impractical. Although Plaintiff asserts generally that it

---

[1] In the motion for temporary restraining order, Plaintiff claims that Defendant's new employment is set to begin on October 9, 2025.

will suffer irreparable harm, it provides no explanation or supporting evidence to show why formal notice should not be required here and an opportunity to be heard given to Defendant. Absent a showing of true emergency, the Court is not able to address Plaintiff's allegations without input from Defendant.

Because Plaintiff has failed to meet the high burden for the issuance of a temporary restraining order, the "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 2) must be denied. Although Plaintiff is not entitled to a temporary restraining order without notice, the Court will consider the motion for preliminary injunction on an expedited basis after Defendant has been served with the complaint and the motion and given an opportunity to respond.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 2) is hereby **DENIED** to the extent that Plaintiff seeks a temporary restraining order.

(2) Plaintiff is directed to immediately serve on Defendant a copy of the summons, the complaint, the motion for temporary restraining order, and a copy of this Order. *See* Local Rules 6.01; 6.02.

(3) Plaintiff is directed to file proof of service promptly after service is effected.

(4)  Defendant is directed to file his response to Plaintiff's motion within 7 days after service of the complaint, motion, and other papers.

(5)  Following service and an opportunity to respond, the Court will expeditiously set a hearing to address the request for preliminary injunction, if warranted.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>3rd</u> day of October, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE