UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOTTOM LINE SYSTEMS LLC,

    Plaintiff,

v.                                                    Case No. 8:25-cv-2696-TPB-NHA

ALEX MILLER,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff Bottom Line Systems, LLC's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction," filed on October 2, 2025. (Doc. 2). The Court previously denied the motion to the extent it sought a temporary restraining order but deferred as to the request for a preliminary injunction. (Doc. 7). On October 10, 2025, Defendant Alex Miller filed a response in opposition. (Doc. 10). On November 13, 2025, the Court held a hearing to address this matter. (Doc. 34). Upon review of the motion, response, legal arguments, case file, and record, the Court finds as follows:

According to the allegations of the verified complaint, Plaintiff Bottom Line Systems, LLC d/b/a Revecore ("Revecore") is a limited liability corporation that provides revenue integrity solutions, helping hospitals recover revenue that otherwise might be lost. In 2022, Plaintiff expanded its zero balance recovery services (also known colloquially as "underpayments") through merging with Cura Revenue Cycle Management, LLC. ("Cura"). Defendant Alex Miller led Cura's underpayments

solutions, and after the merger, Defendant continued with Revecore leading both its legacy underpayments team and the complimentary Cura-based underpayments team.

On September 8, 2025, Defendant tendered his resignation. After a contractual thirty-day notice period, his employment ended on October 8, 2025. Defendant is now employed by RSource, LLC d/b/a Knowtion Health, a direct competitor. But Plaintiff alleges that as a condition of his employment with Cura, Defendant agreed that for two years following his employment, Defendant would not be employed by any business whose services and products compete with Cura – Plaintiff contends that it may enforce this non-competition covenant as a successor through merger. Plaintiff now brings claims for breach of contract, seeking both damages and equitable relief, including a preliminary injunction.

To obtain a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 16 (2020). "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly stablish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

To succeed on its motion, Plaintiff must establish a substantial likelihood of success on the merits and irreparable injury. Plaintiff's likelihood of success on the

merits is complicated by the fact that Defendant is arguably subject to two potentially inconsistent noncompetition agreements. As discussed at the hearing on this motion, it is undisputed that Defendant had an employment agreement with Cura that included a noncompetition provision, with a mandatory Florida venue and choice of law provision. Cura was later acquired by Revecore, and Revecore claims it is entitled to enforce the Cura employment agreement as Cura's successor. However, after acquiring Cura, Revecore chose to include a noncompetition provision in another compensation related agreement, called a grant agreement, that it entered into with Defendant. The grant agreement included a mandatory Delaware venue and choice of law provision. By choosing to include a noncompetition provision that included a mandatory Delaware venue and choice of law provision in the subsequent agreement it made with Defendant, Revecore has created a question as to its ability to prevail on the merits as to the Cura employment agreement. As a matter of equity, Revecore itself created the ambiguity, so it must live with the consequences.

Based on the current record, the Court concludes only that Plaintiff has not established a *substantial* likelihood of success on the merits at this very early stage of this litigation. That being said, this Order should not be read to be predictive on the ultimate validity of Plaintiff's claims. Once the facts and the applicable law have been more fully developed, it is certainly possible that Plaintiff will prevail. The Court believes that the issues concerning the employment agreement and grant agreement – including whether the grant agreement extinguished the restrictive covenants of employment agreement by its plain terms or is ambiguous – are more complex and may require a more developed record and briefing. These issues are integral to

Plaintiff's claims and ability to pursue this suit in this forum. Due to this complexity, Plaintiff has failed to demonstrate a *substantial* likelihood of success on the merits. As such, the motion is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>19th</u> day of November, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE